UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID L. TERMARSCH
and all others similarly situated,

       Plaintiff,

v.                                                   Case No.  8:07-cv-1580-T-24-TBM

NEW CENTURY MORTGAGE CORPORATION;
BRAD A. MORRICE, an individual;
DEUTSCHE BANK NATIONAL TRUST
COMPANY; SETH WAUGH, an individual;
UNITED STATES DISTRICT COURT EASTERN
DISTRICT OF MICHIGAN; PATRICT J.
DUGGAN, an individual; 71A DISTRICT COURT,
LAPEER COUNTY MICHIGAN; LAURA
CHEGER BARNARD, an individual; LIPSON
NEILSON COLE SELTZER GARIN P.C.;
THOMAS G. COSTELLO, an individual;
FABRIZIO & BROOK, P.C.; JONATHAN
L. ENGMAN, an individual; MARLENE M.
BURNS, an individual; MELISSA R. DEVAUGH,
an individual; JOHN AND JANE DOE'S 1-99,

       Defendants.
_____/

**ORDER**

       This cause comes before the Court on Plaintiff, David L. TerMarsch's Statement of Venue (Doc. No. 5).  On September 6, 2007, Plaintiff filed suit against Defendants in the United States District Court for the Middle District of Florida, pursuant to 18 U.S.C. § 1964(a) (Doc. No. 1).  On September 13, 2007, the Court entered an Order to Show Cause as to why this case should not be dismissed for improper venue (Doc. No. 3), to which Plaintiff responded on October 5, 2007, by filing the instant statement of venue.

In his statement of venue, Plaintiff states that he lives in Lakeland, Florida, and that it would be a hardship for him to travel back and forth to Michigan due to his health, age, and financial situation. However, 28 U.S.C. § 1391(b) states that:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

The Court notes that all Defendants reside in either California or Michigan, and that the events or omissions giving rise to the claim occurred in Michigan. The Court finds that Plaintiff, David L. TerMarsch, has not shown that venue is proper in this Court. Accordingly, it is ORDERED AND ADJUDGED that this action is **DISMISSED WITHOUT PREJUDICE**. The Clerk is ordered to close this case and terminate all pending motions.

**DONE AND ORDERED** at Tampa, Florida, this 11th day of October, 2007.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Pro Se Plaintiff
Counsel of Record